UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO. _____

| | |
|---|---|
| Jeremy Robertson and Brittni Robertson,<br><br>Plaintiffs,<br><br>v.<br><br>Equity Experts, LLC, Associa Minnesota,<br><br>Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Jeremy and Brittni Robertson (the "Robertsons") fell behind on their homeowner's association dues which ultimately led to the commencement of an assessment lien foreclosure. Ultimately, The Robertsons satisfied the underlying assessment lien.

2. The Robertsons' satisfaction of the lien, however, did not ultimately prevent Equity Experts from attempting to collect on the very same debt, while at the same time attempting to charge the Robertsons fees they did not owe because those fees were not authorized by Association's declaration and by-laws and Equity Experts never performed the "services" to the Association for which it was charging.

3. To compound the problem Equity Experts created and exacerbated, Associa Minnesota, the property management company for the homeowner's association, will not accept payments directly from the Robertsons and instead instructs the Robertsons to address the matter with Equity Experts.

4. Accordingly, the Robertsons were and remain left with a Hobson's choice; pay Equity Experts amounts they do not owe so they can resume regular payments to the Association through Associa, or continue to accrue late fees and other unwarranted charges based on the patent incompetency of Equity Experts.

5. The acts of Equity Experts are unlawful. The Fair Debt Collections Practices Act forbids a debt collector from collecting fees that are not authorized by law or an agreement. Additionally, the Fair Debt Collections Practices Act forbids a debt collector from making false statements in connection with collecting a debt. Equity Experts did each of these things.

6. For its violations of the Fair Debt Collections Practices Act, Equity Experts is liable to the Jeremy and Brittney Robertson for actual damages, statutory damages, and attorney fees.

## JURISDICTION

7. Jurisdiction of this Court arises under 28 U.S.C. § 1331, pursuant to 15 U.S.C. § 1692k(d).

8. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

9. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendants conduct business here.

## PARTIES

10. Plaintiffs Jeremy and Brittney Robertson are natural persons who reside in Brainerd, Minnesota, and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

11. Defendant Equity Experts, LLC is a Michigan limited liability company with a corporate address of 6632 Telegraph Road, #339, Bloomfield Hills, MI 48301, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

12. Jeremy and Brittney Robertson own a condominium in Blaine, Minnesota. The condominium and surrounding neighborhood is part of a common interest community.

13. The Villas at Waterstone Bay Condominium Association ("The Villas") is a homeowners association that governs the Robertsons' common interest community.

14. The Lakes of Raddison Master Association is a master association pursuant to Minn. Stat. § 515B.2-121, of the which the Villas is a constituent.

15. The Robertsons purportedly fell behind on their dues to the Villas.

16. This association dues debt is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

17. At some point, the Villas sold, or otherwise transferred, the Robertsons' debt to Equity Experts or, through Associa Minnesota, otherwise entered into an agreement with Equity Experts for collecting the Robertsons' debt to the Villas.

18. Equity Experts markets itself as a "no risk" debt collector. According to its website, Equity Experts promises its clients "zero out-of-pocket costs and we assume the risk of recovery." It further "guarantees results without the up-front costs and risks associated with standard association collections." It further states that its services cost the association "[n]othing! Our costs are communicated to the debtor, so the association pays nothing out of pocket unless our services are cancelled."

19. At some point after the Villas sale of the debt, the Association noticed an assessment lien and commenced an assessment lien foreclosure.

20. Ultimately, the Robertsons' satisfied the assessment lien and avoided the foreclosure of their interest in the property. A true and correct copy of the Satisfaction of Lien is attached hereto as **Exhibit A**.

21. After satisfying the Assessment lien, in January of 2020, the Robertsons contacted Associa Minnesota to begin resuming payment of their association dues.

22. Associa Minnesota informed the Robertsons that in order to do so, they would have to contact Equity Experts because Equity Experts was responsible for their account with the Association.

23. Subsequently, the Robertsons contacted Equity Experts by telephone to understand what steps they needed to take to resume regular payments.

24. On or about February 19, 2020, the Robertsons called Equity Experts to discuss the debt and spoke to a representative named Naomi. In the call, Naomi informed the Robertsons that they had an association debt in the amount of $6055.37.

25. In the call, Naomi represented to the Robertsons that Equity Experts had sent the Robertson's a dunning letter. The Robertsons explained that they had never received a dunning letter and requested that a copy be sent to them along with a statement showing what it was that they purportedly owed.

26. Equity Experts made false representations in this phone call. Specifically, Equity Experts represented that it had sent a dunning letter. In fact, no such letter was drafted or sent.

27. In response to this call, Equity Experts emailed a copy of a statement indicating that the Robertsons owed $6055.37. This statement contained a charge for a dunning letter and did not reflect the Robertsons payment made in satisfaction of the lien. Accordingly this statement was false. It also included erroneous charges for attorneys fees. No copy of a dunning letter was provided. A true and correct copy of the statement is attached as **Exhibit B**.

28. Subsequently, the Robertsons again spoke with Equity Experts. Naomi, their account manager stated that "she had mailed out the validation of debt twice to us and they don't have any record of it being returned back to them". She then stated that "she can only believe that the Robertson's had received them and were lying about stating that I have not received them".

29. Equity Experts again made false representations in this phone call. Specifically, Equity Experts represented that it had sent a letter. In fact, no such letter was drafted or sent.

30. Throughout this process, the Robertsons remained in contact with Associa Minnesota, who manages the Villas Homeowners Association and the Master Association. Associa has refused to permit the Robertsons to make their ongoing payments to the Villas.

31. The Roberts have not been contacted by Equity Experts since that time, but Associa Minnesota insists that the Robertsons' account remains with Equity Experts and accordingly, the Robertsons are unable to make their ongoing payments for association dues without paying amounts they do not owe.

## TRIAL BY JURY

32. Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## LEGAL CLAIMS

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
### False, deceptive, and misleading representations
### 15 U.S.C. § 1692e(2), (5)

33. Plaintiffs incorporate the above paragraphs by reference.

34. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt including the false

representation of the character, amount, or legal status of any debt. 15 U.S.C. § 1692e(2).

35. Additionally, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt including the threat to take any action that cannot legally be taken or that is not intended to be taken. 15 U.S.C. § 1692e(5).

36. Equity Experts made false representations representation of the character, amount, or legal status of Robertsons' association dues debt in the phone call between Eric Sommerness and Equity Experts that took place on or about February 19, 2020, violating 15 U.S.C. § 1692e(2).

37. Specifically, Equity Experts represented that it had sent a "dunning letter" to the Robertsons and that the Robertsons owed $6055.37. These statements were false.

38. Equity Experts also made false representations of the character, amount, or legal status of Robertsons' purported association dues debt in a February 19, 2020 statement emailed to the Robertsons.

39. Specifically, Equity Experts represented that the Robertsons owed $6055.37, but that amount \is comprised of amounts that had already been paid to Thomas Carlson and Associates in connection with the Robertsons' satisfaction of the association lien.

40. Equity Experts maintains its position that these improper amounts are owed.

41. As a result of these violations of the FDCPA, 15 U.S.C. § 1692e(2) and (5), Plaintiffs are entitled to actual damages in the form of any accrued late fees or

other charges resulting from Equity Experts conduct and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Equity Experts.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
### Collection of fee not authorized by contract or law
### 15 U.S.C. § 1692f(1)

42. Plaintiffs incorporate the above paragraphs by reference.

43. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. This includes the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1).

44. The Villas Homeowners Association declaration serves as the contract governing the relationship between the association and the unit owners.

45. The declaration provides that, the association may charge homeowners a late charges, fines and interest in accordance with Minn. Stat. § 515B.3-116(a).

46. Pursuant to Minn. Stat. § 515B.3-102, those charges, fines, and interest must be reasonable.

47. Equity Experts is a "no risk" debt collector that charges its clients "zero out-of-pocket costs".

48. Equity Experts charged fees to the Robertsons. The association would only incur fees if it bought back the debt from Equity Experts.

49. The fees charged by Equity Experts are not costs charged to the Villas Homeowners Association and therefore not authorized by the declaration or Minn. Stat. § 515B.3-116(a).

50. Additionally, neither Minnesota law nor federal law provide that a debt collector may impose its collection costs on a debtor. Further, the amount of fees is in excess of any fee that would be allowed by law.

51. Equity Experts has attempted to collect a debt not authorized by an agreement or by Minnesota law and has therefore violated the FDCPA, 15 U.S.C. § 1692f(1).

52. As a result of Equity Experts' violations of the FDCPA, Plaintiffs are entitled to actual damages resulting from the illegal fees, statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully ask:

1. That the Court enter judgment declaring that Defendant violated the Fair Debt Collections Practices Act.

2. That the Court enter judgment against Defendant, in favor the Robertsons, for actual damages pursuant to 15 U.S.C. § 1692k(a)(1) including any interest accrued based on Defendant's conduct;

3. That the Court enter judgment against Defendant and in favor of the Robertsons, for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) and (B);

4. That the Court enter judgment against Defendant for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

5. Any other relief deemed appropriate by the Court.

Dated: February 19, 2021            /s/ Christopher J. Wilcox
                                                            Christopher J. Wilcox
                                                            Attorney I.D. #: 0392536
                                                            **CHRISTENSEN LAW OFFICE PLLC**
                                                            800 Washington Ave N
                                                            Suite 704
                                                            Minneapolis, MN 55401
                                                           Telephone: 612-823-3831
                                                           Facsimile: 612-823-4777
                                                           chris@clawoffice.com

                                                           ***ATTORNEYS FOR PLAINTIFFS***